THIS ORDER IS A
PRECEDENT OF THE
TTAB

JK

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

September 27, 2024

Opposition No. 91279938

*1661, Inc.*

*v.*

*TF Intellectual Property Pty Ltd*

Jennifer Krisp, Interlocutory Attorney:

This proceeding is before the Board for consideration of 1661, Inc.'s ("1661" or "Opposer") fully briefed May 2, 2024 motion to compel discovery.[1]

## I. Background

---

[1] 1661 filed a confidential motion and a redacted motion. In any future confidential filings, including trial briefs, the parties should enclose the redacted information in brackets to facilitate comparing the confidential and redacted versions. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 412.01(a) (2024).

In its reply brief, 1661 asks the Board to disregard TF Intellectual Property Pty Ltd.'s ("TFIP" or "Respondent") brief, asserting it was not served, and to treat 1661's motion as uncontested. 32 TTABVUE 3-4. The Board does not treat the motion as uncontested. First, TFIP's brief includes a certificate of service on counsel for 1661, listing five email addresses:

*jennifer.barry@lw.com*
*adam.herrera@lw.com*
*bill.shubeck@lw.com*
*ipdocket@lw.com*
*ipdocket2@lw.com*

31 TTABVUE 11. *See* Trademark Rule 2.119(a), 37 C.F.R. § 2.119(a). In the absence of a material irregularity or error in proof of service, or a clear indication service was not effected, the Board presumes service was made. Second, Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a), states the Board **may** treat a motion as conceded. *See also* TBMP § 502.02. The Rule does not set forth a mandate.

TFIP filed a Request for Extension of Protection under Trademark Act § 66(a), 15 U.S.C. § 1141f(a), for the mark GOAT CREW (standard characters) for goods and services in International Classes 24, 25 and 35.[2]

1661 opposes registration on the ground of priority and likelihood of confusion under Trademark Act § 2(d), 15 U.S.C. § 1052(d). It pleads common law rights in the mark GOAT, and ownership of six registrations for the mark GOAT (standard characters) for goods and services in International Classes 9, 25, 35, 38 and 42.[3]

Most recently, the Board denied without prejudice 1661's January 12, 2024 combined motion to compel and to extend discovery by 90 days, but granted an extension of 30 days and reset discovery to close June 22, 2024. The motion at bar concerns an impasse reached prior to January 12, 2024.

As further background, on June 2, 2023, 1661 served TFIP its first set of requests for production of documents ("RFP") and interrogatories. 28 TTABVUE 14, 30. On July 17, 2023, TFIP served responses and objections; it did not serve a general objection or object on the basis that any discovery propounded was compound or constituted subparts. 28 TTABVUE 39, 57. Thereafter, TFIP served first and second supplemental responses. 28 TTABVUE 72, 92, 111, 135.

---

[2] On January 26, 2023, a Restriction of Protection deleting International Class 42 was entered in the application record.

[3] Pleaded Registration No. 5066855 was cancelled under Trademark Act Section 8 on May 5, 2023.

On December 8, 2023, 1661 served a **second** set of RFPs and interrogatories. 28 TTABVUE 158, 170. In lieu of serving substantive responses, TFIP timely served general objections, respectively:

> In accordance with TBMP § 406.05(e) and 37 C.F.R. § 2.120(e), Applicant declines to respond to Opposer's Requests. Respondent has served a total number of requests that surpass the maximum of seventy-five as specified in TBMP § 406.05(a) and 37 C.F.R. § 2.120(e). While Opposer has now served a total of forty-three (43) enumerated requests, the Board's assessment is not constrained by the numbering system used by the requesting party, as per TBMP §§ 406.05(d), 405.03(d). Each individual question and its subparts are considered distinct requests when tallying the total, which should not exceed seventy-five. In view of the Parties' previous meet and confers and Applicant's analysis of the Requests, Respondent has exceeded the limit. In view of the foregoing, Applicant will not respond to the Requests.

> In accordance with TBMP § 405.03(e) and 37 C.F.R. § 2.120(d), Applicant declines to respond to Opposer's Interrogatories. Respondent has served a total number of interrogatories that surpass the maximum of seventy-five as specified in TBMP § 405.03(a) and 37 C.F.R. § 2.120(d). While Opposer has now served a total of forty-two (42) enumerated interrogatories, the Board's assessment is not constrained by the numbering system used by the requesting party, as per TBMP §405.03(d). Each individual question and its subparts are considered distinct requests when tallying the total, which should not exceed seventy-five. In view of the Parties' previous meet and confers and Applicant's analysis of the Interrogatories, Opposer has exceeded the limit. In view of the foregoing, Applicant will not respond to the Interrogatories.

28 TTABVUE 178, 182.

In its motion, 1661 seeks an order requiring TFIP to respond to the second sets of RFPs and interrogatories. It posits that because TFIP did not specifically or generally object to the first sets based on any requests being compound or having subparts, TFIP waived its right to thereafter count the requests in either set as being compound or having subparts, with the result that TFIP cannot now, in response to

the second set, serve general objections based on excessiveness under Trademark Rules 2.120(d) and (e), 37 C.F.R. §§ 2.120(d) and (e).

## II. Authorities and Analysis

The Board considers the merits of a motion to compel only where the movant has shown it satisfied the requirement in Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1), to make a good faith effort to resolve the dispute prior to filing the motion. *See* TBMP § 523.02. *See also OMS Inv., Inc. v. Habit Horticulture LLC*, 2022 USPQ2d 1074, at *3-4 (TTAB 2022); *Hot Tamale Mama…and More, LLC v. SF Inv., Inc.,* 110 USPQ2d 1080, 1081 (TTAB 2014). Here, counsel for 1661 initiated email exchanges with opposing counsel wherein they explained their positions. 28 TTABVUE 201-05. Of note, TFIP informed 1661 that it counted the first set of RFPs and interrogatories as totaling 69 and 68, respectively, and counted the second set as totaling 79 and 85, respectively, and provided its counting methodology. 28 TTABVUE 11, 186. Upon scrutiny of these communications, the Board finds 1661 satisfied the good faith effort requirement.

In Board proceedings, interrogatories, requests for production and requests for admission are limited to 75 for each party, including subparts. *See* Trademark Rules 2.120(d), (e) and (i), 37 C.F.R. §§ 2.120(d), (e) and (i).[4] If a party believes the number served **exceeds** the limit specified, and wishes to object on this basis, the party must,

---

[4] Requests for admissions under Trademark Rule 2.120(i) are not at issue in this motion. The Board has provided useful guidance by advising that when preparing a first set of discovery requests, a party should reserve a portion of its allotted 75 to use for follow-up discovery, unless the party is sure it will not be serving follow-up discovery. *See* TBMP §§ 405.03(b), 406.05(b) and 407.05(b).

within the time for (and instead of) serving responses and specific objections, serve a general objection on the ground of the excessive number. *See* TBMP §§ 405.03(e), 406.05(e) and 407.05(e).

Turning to the merits of the motion, 1661 argues "TFIP had never previously objected to [the first set of] requests as compound or otherwise constituting multiple subparts" and thus "has waived its right to count [1661's] first sets of request[s] (sic) as compound at all." 28 TTABVUE 4-5. It cites Fed. R. Civ. P. 33(b)(4):[5]

> The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

It argues TFIP was required to timely object to the first set as being compound or as containing subparts in order to maintain (i.e., avoid forfeiting) its right to invoke a general objection based on excessiveness. Consequently, 1661 argues, TFIP failed to timely object, thereby waiving its right to count any request(s) in the first or second set as containing subparts in order to support its general objections. 32 TTABVUE 2.

Resolving 1661's motion rests on clarifying what, if anything, was required of TFIP when it was served with each set of requests. Under Trademark Rules 2.120(d) and (e), its obligation—if it was not willing to forfeit excessiveness as a basis for objection—was: first, to ascertain, upon being served each set, whether RFPs in total, and/or interrogatories in total, exceeded 75, including subparts; and second, to serve responses if the total did not exceed 75, or a general objection if the total did exceed

---

[5] 1661 also cites TBMP § 405.04(a), although Fed. R. Civ. P. 33(b)(4) is only discussed in TBMP § 405.04(b).

75.[6] Here, upon determining the first set did not exceed the limit, TFIP served responses; it had no duty to inform 1661 how it counted, i.e., that it counted some to be compound or to have subparts. Then, upon determining that the additions in the second set resulted in more than the permissible limit, it properly served general objections. This was acceptable. Under the Rules, a party has no obligation to inform its adversary of its analysis of the total or its method of counting unless (and until) it believes the total number exceeds the permissible limit. In sum, TFIP did not fail to timely object, and thus did not forfeit its right to serve general objections upon determining the requests exceeded 75 using its counting method.[7]

In its motion, 1661 cites no authority imposing on TFIP an obligation to communicate whether it counted some of the first set as being compound or having subparts in order to avoid waiver of its right to object to a subsequent set. The Board does not interpret Fed. R. Civ. P. 33(b)(4) as requiring this, nor do Trademark Rules 2.120(d), (e) or (i) include such a requirement. 1661 cites *Hewlett Packard Enter. Dev. LP v. Arroware Indus., Inc.*, 2019 USPQ2d 158663 (TTAB 2019). However, in that case the Board did not place on the responding party the duty which 1661 advances here; rather, in the context of a party who responded to a set of requests, then subsequently objected on the basis that the number in the responded-to set was

---

[6] Under the Rules, parties may move for or stipulate to additional discovery. *See* Trademark Rules 2.120(d) and (e); TBMP §§ 405.03(a) and 406.05(a).

[7] If TFIP had found either first set to exceed 75 and served a general objection, the Board's expectation is that it would have, at that time, informed 1661 of its counting method.

excessive, the Board stressed the duty to serve a timely general objection based on excessive number in lieu of serving responses.

1661 also posits TFIP has played "a game of 'gotcha,'" was "hiding its counting" and "sprang its counting method" on 1661 only after receiving the second set. 28 TTABVUE 2; 32 TTABVUE 2, 5, 9. This characterization of TFIP's motive is unsubstantiated. The record does not indicate TFIP engaged in gamesmanship, "is merely playing the victim to avoid its discovery obligations," or acted in bad faith or inconsistent with its obligation to cooperate in discovery. 32 TTABVUE 9. Furthermore, as a practical matter, when served with the first set of requests, TFIP had no basis to believe it needed to or should inform 1661 that it counted therein fewer than 75 requests. As TFIP aptly states, it "cannot be expected to know 1661's plans for discovery and whether 1661 even wanted to serve another set of discovery requests." 31 TTABVUE 5.

Based on the foregoing, 1661's motion to compel is **denied**.

Finally, the Board highlights some guidelines regarding cooperativeness in the discovery process. First, 1661 specifically states its motion "does not ask the Board to review or rule on TFIP's substantive counting." 28 TTABVUE 5. 1661 included the counting method TFIP used. 28 TTABVUE 186. However, 1661 did not include its **own** method in either its motion or the meet-and-confer emails. Thus, it appears that in attempting to resolve the matter of forfeiture, 1661 did not seek to resolve the underlying matter of whether and how the parties count the discovery requests differently. At the earliest indication that the number of requests is at issue, parties

should confer, to include comparing counting methods, to learn their level of concurrence and determine where they differ. Doing so early can avoid costly and delaying motions practice.

Also, in the meet-and-confer emails, 1661 stated TFIP's "conduct has foreclosed" the possibility 1661 could "re-formulate its requests." 28 TTABVUE 201. This is not in line with what the Board expects. Cooperation in the discovery process should include, where appropriate, voluntarily revising discovery requests in an effort to address an assertion they exceed the allowable number. *Cf.* TBMP §§ 405.03(e) and 406.05(e). Here, no conduct on TFIP's part foreclosed 1661's opportunity to serve a revised second set of requests in the event 1661 wished to do so. When 1661 filed its motion to compel, over six weeks of discovery remained, which was, and remains, ample time to address this matter and conclude discovery.[8]

**Resumption and Schedule**

Proceedings are resumed. Discovery and trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | 10/21/2024 |
| Discovery Closes | 11/20/2024 |
| Plaintiff's Pretrial Disclosures Due | 1/4/2025 |
| Plaintiff's 30-day Trial Period Ends | 2/18/2025 |
| Defendant's Pretrial Disclosures Due | 3/5/2025 |
| Defendant's 30-day Trial Period Ends | 4/19/2025 |
| Plaintiff's Rebuttal Disclosures Due | 5/4/2025 |
| Plaintiff's 15-day Rebuttal Period Ends | 6/3/2025 |
| Plaintiff's Opening Brief Due | 8/2/2025 |
| Defendant's Brief Due | 9/1/2025 |

---

[8] If another motion to compel is contemplated, the moving party must demonstrate in its motion that it satisfied the good faith effort requirement by way of conference and/or correspondence engaged in subsequent to the date of this order. This is a firm requirement.

8

Plaintiff's Reply Brief Due              9/16/2025
Request for Oral Hearing (optional) Due  9/26/2025

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121-2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).

It is the responsibility of each party to ensure the Board has the party's current correspondence address, including an email address, at all times. *See* TBMP § 117.07. The Board must be promptly notified of any address or email address changes for the parties or their attorneys.